Battle, J.
 

 The defense relied upon, was clearly established by the proof, that the
 
 locus in quo
 
 had been used as a public landing for more than twenty years after the year 1833, before the commencement of the action. It was, therefore, unnecessary to enquire whether such use had existed prior to the grant issued in 1833, to David O. Askew, under whom the plaintiff claimed. The owner of land may dedicate it to the use of the public as a highway, or street, or square, by an immediate act, which will operate not as a
 
 grant
 
 (for the want of a grantee) but as an
 
 estoppel in pais.
 
 Thus, if the owner lay out upon his land the plan of a town or village, with the usual streets and squares, and then sell the lots, the streets and squares will be at once presumed to be dedicated to the use of the public, because it would be a fraud upon the purchasers of the lots, as well as upon the public, if he were per
 
 *24
 
 mitted to resume his right of private property;
 
 Rives
 
 v.
 
 Dudley,
 
 3 Jones’ Eq. at p. 136. See also, the notes to
 
 Dovaston
 
 v.
 
 Payne,
 
 in the American edition of 2 Smith’s Leading Cases, 90. Where there is no immediate dedication of his land to the public, to be presumed from the act of the owner, yet, if he acquiesce in the use of a portion of it by all persons, as a highway, public landing, and the like, for twenty years or more, the law will, from such acquiescence, raise a presumption of a dedication of that portion to the use of the public, and he will be forever afterwards prohibited from so treating it as his private property, as to prevent the public from the enjoyment of the easement;
 
 Woolard
 
 v.
 
 McCullock,
 
 Ire. 432;
 
 State
 
 v.
 
 Marble,
 
 4 Ire. Rep. 318;
 
 State
 
 v.
 
 Hunter,
 
 5 Ire. Rep. 369 ;
 
 State
 
 v.
 
 Cardwell,
 
 Busb. Rep. 245. There was, therefore, no error in the ruling of his Honor in the Court below, and the judgment must be affirmed.
 

 Per Curiam,
 

 Judgment affirmed.